UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JASON JAHNS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )  Case No. 2:16-cv-0239-JMS-DKL |
| | ) |
| S. JULIAN, Warden, | ) |
| | ) |
| Respondent. | ) |

**Entry Dismissing Action and Directing Entry of Final Judgment**

**I.**

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). For the reasons explained in this Entry, this is an appropriate case for such a disposition.

**Background**

Petitioner Jason Jahns is confined within this District and seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3). Jahns was charged in the Northern District of Ohio in No. 3:10-cr-00435-DAK with being a felon in possession of a firearm. See 18 U.S.C. § 922(g). He pled guilty and received an executed sentence of 240 months. At sentencing the court treated several of Jahns' prior convictions as "violent felonies." *United States v. Jenkins*, 528 F. App'x 483, 484 (6th Cir.), *cert. denied*, 134 S. Ct. 455 (2013). Following the imposition of sentence, Jahns filed a motion for relief pursuant to 28 U.S.C. § 2255. The trial court denied relief, rejecting Jahns' claim that his sentence under the Armed Career Criminal Act offends the Sixth Amendment to the United States Constitution because that argument had already been made in *Jenkins* and because "the crime of burglary in Kentucky constitutes a violent felony, qualifying Jahns for

sentencing under the ACCA." *Johns v. United States,* No. 3:10-conduct report-435-DAK, DKT #134, at p.3 (N.D.Ohio February 3, 2015). Jahns most recently sought leave in the Sixth Circuit in No. 15-4103 to file a second or successive 28 U.S.C. § 2255 motion, challenging his ACCA based on *Johnson v. United States*, 135 S. Ct. 2551, 2557 (2015). The Sixth Circuit denied that motion on June 3, 2016, explaining:

> Although Johnson announced a new, substantive rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, Welch v. United States, 136 S. Ct. 1257, 1264–65 (2016), it "d[id] not call into question application of the [ACCA] to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." Johnson, 135 S. Ct. at 2563. And in rejecting Jahns's direct appeal, we have already held that his prior Kentucky burglary convictions fall within the ACCA's enumerated-offenses clause. Jenkins, 528 F. App'x at 485. Therefore, the holding in Johnson does not apply to Jahns's sentence.

This action, in which Jahns invokes 28 U.S.C. § 2241(c)(3), was then filed on June 21, 2016.

### Discussion

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974); *United States v. Bezy*, 499 F.3d 668, 670 (7th Cir. 2007). Jahns, however, challenges his sentence and seeks habeas corpus relief pursuant to 28 U.S.C. § 2241(c)(3). "A federal prisoner may use a § 2241 petition for a writ of habeas corpus to attack his conviction or sentence only if § 2255 is 'inadequate or ineffective.'" *Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012) (quoting 28 U.S.C. § 2255(e)). Whether § 2255 is inadequate or ineffective depends on "whether it allows the petitioner 'a reasonable opportunity to obtain a reliable judicial determination of the fundamental legality of his conviction and sentence.'" *Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015) (en banc)(quoting *In re Davenport*, 147 F.3d 605, 609 (7th Cir. 1998). To properly invoke the Savings Clause of 28 U.S.C. § 2255(e), a petitioner is required to show "something more than a lack of success with a section 2255 motion," *i.e.,* "some kind of structural problem

with section 2255." *Id.* Additionally, and of pivotal significance here, under 28 U.S.C. § 2244(a), "[n]o circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255."

"The petitioner bears the burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy." *Smith v. Warden, FCC Coleman–Low*, 503 F. App'x 763, 765 (11th Cir. 2013) (citation omitted). Jahns suggests in his habeas petition that the appellate decision in his upheld the ACCA enhancement through application of the now-rejected residual clause, but this is manifestly not the case. The Sixth Circuit explained that Jahns' prior convictions for burglary in Kentucky were violent offenses under the enumerated-offenses clause of the ACCA. Jahns' argument otherwise was explicitly rejected in No. 15-4103 when his motion for leave to file a second or successive 28 U.S.C. § 2255 motion was denied and 28 U.S.C. § 2244(a) prohibits another bite at the apple in these circumstances.

**Conclusion**

The dispositive question here is whether Jahns' habeas claim permits him to traverse the portal created by § 2255(e). It does not. Based on the foregoing, Jahns has sought relief pursuant to 28 U.S.C. § 2241 under circumstances which do not permit or justify the use of that remedy. This is apparent from the face of his habeas petition and for the reasons outlined above the petition for a writ of habeas corpus is **denied**.

**II.**

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: <u>November 1, 2016</u>

_Jane Magnus-Stinson_
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Jason Jahns
Reg. No. 56292-060
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808