# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# TERRE HAUTE DIVISION

| | |
|---|---|
| JASON JAHNS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 2:16-cv-0239-JMS-DLP |
| | ) |
| S. JULIAN, Warden, | ) |
| | ) |
| Respondent. | ) |

**Order Granting Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241**

Petitioner Jason Jahns seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3). His petition for writ of habeas corpus is **granted**.

**A. Background**

Jahns was charged in the Northern District of Ohio (Western Division) in No. 3:10-cr-00435-DAK with being a felon in possession of a firearm. See 18 U.S.C. § 922(g). In 2012, he pled guilty without the benefit of a plea agreement.

At sentencing Jahns was deemed an armed career criminal, 18 U.S.C. § 924(e), and received an executed sentence of 240 months. Section 924(e) applies to persons with three prior violent felonies or serious drug offenses. Jahns objected to the application of the Armed Career Criminal Act (ACCA), § 924(e), but the district court concluded that he had at least three convictions for violent felonies based on two first degree and two second degree Kentucky burglary convictions. *See United States v. Jahns*, No. 3:10-CR-435, 2012 WL 928725 (N.D. Ohio Mar. 19, 2012).

Following the imposition of sentence, Jahns filed a direct appeal arguing that second-

degree burglary in Kentucky is not a violent felony and that the ACCA's residual clause is unconstitutionally vague. The Sixth Circuit disagreed, concluding that the Kentucky statute describes generic burglary under *Taylor v. United States,* 495 U.S. 575 (1990), because it prohibits unlawful entry into a "dwelling." *See United States v. Jenkins,* 528 F. App'x 483, 485 (6th Cir. 2013). Because the burglary convictions counted as enumerated violent felonies, the residual clause was irrelevant. The Sixth Circuit casually noted that Jahns's fourth degree burglary conviction in Ohio is also a violent felony for purposes of the ACCA. *Id.*

Jahns then filed a motion for relief pursuant to 28 U.S.C. § 2255, again challenging the application of the ACCA. Jahns raised the Supreme Court's decision in *Descamps v. United States,* 133 S. Ct. 2276 (2013), as a change in law making Kentucky burglary convictions invalid predicates under the ACCA. The court denied relief, rejecting Jahns's claim under *Descamps* and finding that Jahns's argument had already been addressed in his direct appeal. *See Jahns v. United States*, No. 3:10-cr 435-1 (N.D. Ohio Feb. 3, 2015).

Following the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which holds that the residual clause in § 924(e)(2)(B)(ii) is unconstitutionally vague, Jahns applied for authorization to file a second § 2255 motion. The Sixth Circuit denied this request concluding that the classification of Jahns's burglary convictions as violent felonies did not depend on the residual clause, so *Johnson* did not apply. The Sixth Circuit explained:

> Although *Johnson* announced a new, substantive rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, *Welch v. United States*, 136 S. Ct. 1257, 1264–65 (2016), it "d[id] not call into question application of the [ACCA] to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." *Johnson*, 135 S. Ct. at 2563. And in rejecting Jahns's direct appeal, we have already held that his prior Kentucky burglary convictions fall within the ACCA's enumerated-offenses clause. *Jenkins*, 528 F. App'x at 485. Therefore, the holding in Johnson does not apply to Jahns's sentence.

*In re Jahns,* No. 15-4103 (6th Cir. June 3, 2016).

2

On June 21, 2016, Jahns filed this petition under 28 U.S.C. § 2241 attempting to challenge the classification of his Kentucky burglary convictions as violent felonies under the ACCA. In initially denying his petition, this Court concluded that Jahns had not shown that § 2255 is inadequate or ineffective to attack his sentence. Jahns appealed and the Seventh Circuit reversed and remanded this action directing this Court to reconsider its ruling and discuss the possible effect of intervening case law; specifically the Supreme Court's decision in *Mathis v. United States,* 136 S. Ct. 2243 (2016)*,* and the Seventh Circuit's decisions in *United States v. Haney*, 840 F.3d 472, 475 (7th Cir. 2016) (discussing *Mathis* in context of direct appeal) and *Holt v. United States*, 843 F.3d 720 (7th Cir. 2016) (discussing *Mathis* in context of successive § 2255 motion). Based on this Mandate, counsel was appointed to represent Jahns and the issues have been fully briefed.

**B. Discussion**

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974); *United States v. Bezy*, 499 F.3d 668, 670 (7th Cir. 2007). Jahns, however, challenges his sentence and seeks habeas corpus relief pursuant to 28 U.S.C. § 2241(c)(3). "A federal prisoner may use a § 2241 petition for a writ of habeas corpus to attack his conviction or sentence only if § 2255 is 'inadequate or ineffective.'" *Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012) (*quoting* 28 U.S.C. § 2255(e)). Whether § 2255 is inadequate or ineffective depends on "whether it allows the petitioner 'a reasonable opportunity to obtain a reliable judicial determination of the fundamental legality of his conviction and sentence.'" *Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015) (en banc) (*quoting In re Davenport*, 147 F.3d 605, 609 (7th Cir. 1998). To properly invoke the Savings Clause of 28 U.S.C. § 2255(e), a petitioner is required to show "something more than a lack of success with a section 2255 motion," *i.e.,* "some kind of structural problem

3

with section 2255." *Id.* "The petitioner bears the burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy." *Smith v. Warden, FCC Coleman–Low*, 503 F. App'x 763, 765 (11th Cir. 2013) (citation omitted).

The Court of Appeals for the Seventh Circuit has identified the three requirements to invoke the Savings Clause:

> In the wake of *Davenport*, we distilled that holding into a three-part test: a petitioner who seeks to invoke the savings clause of § 2255(e) in order to proceed under § 2241 must establish: (1) that he relies on "not a constitutional case, but a statutory-interpretation case, so [that he] could not have invoked it by means of a second or successive section 2255 motion," (2) that the new rule applies retroactively to cases on collateral review and could not have been invoked in his earlier proceeding, and (3) that the error is "grave enough . . . to be deemed a miscarriage of justice corrigible therefore in a habeas corpus proceeding," such as one resulting in "a conviction for a crime of which he was innocent." *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012).

*Montana v. Cross*, 829 F.3d 775, 783 (7th Cir. 2016), *cert. denied sub nom. Montana v. Werlich*, 137 S. Ct. 1813 (2017). Each of the three requirements to invoke the savings clause of § 2255(e) is discussed below.

### 1) Statutory-Interpretation Case

The parties agree that Jahns meets the first savings clause requirement. Jahns challenges his sentence under *Mathis*. In that case, the Supreme Court held that "[a] crime counts as 'burglary' under the Act if its elements are the same as, or narrower than, those of the generic offense. But if the crime of conviction covers any more conduct than the generic offense, then it is not an ACCA 'burglary'—even if the defendant's actual conduct (i.e., the facts of the crime) fits within the generic offense's boundaries." *Mathis*, 136 S. Ct. at 2248. The generic offense of burglary contains "the following elements: an unlawful or unprivileged entry into ... a building or other structure, with intent to commit a crime." *Id.* (*quoting Taylor v. United States*, 495 U.S. 575, 598 (1990)). Accordingly, *Mathis* interprets the statutory word 'burglary' in the enumerated-offense clause

4

within the ACCA "and does not depend on or announce any novel principle of constitutional law." *Holt*, 843 F.3d at 722. Because *Mathis* is a statutory-interpretation case it satisfies the first requirement of the savings clause.

**2) Retroactivity**

Next, in order to meet the second savings clause requirement Jahns must rely on a retroactive decision that he could not have invoked in a § 2255 motion. The United States argues in this case that *Descamps* and *Mathis* are not retroactive decisions. But other cases briefed by the respondent in this district concede *Mathis* appears to be retroactive. *See e.g., Brown v. Krueger,* 2:17-cv-240-WTL-MJD (Return to Order to Show Cause, dkt 18 at p. 7) (filed December 29, 2017).

This Court agrees with the petitioner and the respondent's briefing in other cases, that *Mathis* is a new substantive rule that should be applied retroactively in a § 2241 petition. *Holt v. United States*, 843 F.3d 720, 721-22 (7th Cir. 2016) ("substantive decisions such as *Mathis* presumptively apply retroactively on collateral review.").

A new rule is applied retroactively where "it places certain kinds of primary, private individual conduct beyond the power of criminal law-making authority to proscribe," and this concept extends to "rules prohibiting a certain category of punishment for a class of defendants because of their status or offense." *Montgomery v. Louisiana*, 136 S.Ct. 718, 729 (2016). "A conviction or sentence imposed in violation of a substantive rule is not just erroneous but contrary to law and, as a result, void." *Id*. at 731.

As applied to this case, *Mathis* reflects a new substantive rule which may be applied retroactively. Based on this change, Jahns argues that he is now innocent of the ACCA finding. Because he has no other avenue for attack, he has met the second criterion announced in *Montana*.

5

### 3) Miscarriage of Justice

The final question is whether there has been a miscarriage of justice.

The ACCA prescribes a 15–year mandatory minimum sentence if a defendant is convicted of being a felon in possession of a firearm following three prior convictions for a "violent felony." *Mathis*, 136 S. Ct. at 2248 (quoting § 924(e)(1)). Absent that sentence enhancement, the felon-in-possession statute sets a 10–year maximum penalty. *Id.* § 924(a)(2).

At the time of Mr. Jahns's sentencing, the ACCA defined "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that 1) "has as an element the use, attempted use or threatened use of physical force against the person of another;" 2) "is burglary, arson, or extortion, [or] involves the use of explosives;" or 3) "otherwise involves conduct that presents a serious potential risk of physical injury to another." § 924(e)(2)(B). These three "clauses" are respectively known as 1) the elements clause, 2) the enumerated clause, and 3) the residual clause. In *Johnson v. United States*, 135 S.Ct. 2551 (2015), the Supreme Court ruled that the residual clause was unconstitutionally vague.

The respondent argues that there is no miscarriage of justice in Mr. Jahns's case because he has "at least three qualifying predicate offenses" under either the elements clause or the enumerated clause. Mr. Jahns disagrees. As a starting point, Mr. Jahns has two Kentucky first degree burglary convictions. These convictions each count as a qualifying predicate offense under the elements clause. This is because first degree burglary has as an element the threatened use of physical force against the person of another. The next question is whether Kentucky's second degree burglary convictions are also qualifying predicate offenses. For the reasons explained below, they are not.

*Kentucky's Second Degree Burglary Convictions*

Mr. Jahns has two convictions for second degree burglary in Kentucky. Under the ACCA, burglary is an enumerated violent felony. However, merely because the state statute is labeled a "burglary" does not mean it will constitute a "violent felony." *Taylor*, 495 U.S. at 592-93. Instead, a prior burglary can only constitute a "violent felony" if it meets the generic definition of burglary.[1] *Id*. The Supreme Court held that generic burglary is the "unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Id.* at 599. "A few States burglary statutes ... define burglary more broadly, e.g., by eliminating the requirement that the entry be unlawful, or by including places, such as automobiles and vending machines, other than buildings." *Taylor*, 495 U.S. at 600.

Kentucky's second degree burglary statute states that "[a] person is guilty of burglary in the second degree when, with the intent to commit a crime, he knowingly enters or remains unlawfully in a dwelling." Ky. Rev. Stat. § 511.030. A "dwelling" is "a building which is usually occupied by a person lodging therein." And "building" means "any structure, vehicle, watercraft, or aircraft." *Id.* § 511.010.

The Sixth Circuit previously held that a second-degree burglary conviction under Ky.Rev.Stat. § 511.030 is equivalent to the crime of burglary enumerated in the ACCA. *See United States v. Jenkins*, 528 Fed. Appx. 483, 485 (6th Cir. 2013)). However, the Sixth Circuit's recent analysis in *United States v. Stitt,* 860 F.3d 854 (6th Cir. 2017) (en banc) -- which overruled its decision in *United States v. Nance*, 481 F.3d 882 (6th Cir. 2007) and found that Tennessee's

---

[1] Respondent does not argue that the Kentucky second degree burglary statute should be considered under the elements clause, and indeed it cannot be.

7

aggravated-burglary statute does not match the ACCA's definition of generic burglary-- provides a better point of reference. The concurrence in *Stitt,* recognizes:

> [T]he cases finding the Kentucky second-degree burglary statute to be generic made the same mistake we made in *Nance*—these unpublished opinions failed to look to the statutory definition of "dwelling." *See United States v. Moody*, 634 Fed.Appx. 531, 534 (6th Cir. 2015); *United States v. Jenkins*, 528 Fed.Appx. 483, 485 (6th Cir. 2013). Although Kentucky defines "dwelling" as "a building which is usually occupied by a person lodging therein," Ky. Rev. Stat. § 511.010(2), the statute further provides that "'[b]uilding,' in addition to its ordinary meaning, means any structure, vehicle, watercraft or aircraft: (a) Where any person lives; or (b) Where people assemble for purposes of business, government, education, religion, entertainment or public transportation." Ky. Rev. Stat. § 511.010(1). Thus, Kentucky's definition of a "dwelling" includes vehicles, watercraft, and aircraft, and is thus broader than the common-law meaning of dwelling.

*United States v. Stitt*, 860 F.3d 854, 874 (6th Cir. 2017). The Sixth Circuit's rationale in *Stitt* is persuasive. Kentucky's second-degree burglary statute does not match the ACCA's definition of generic burglary and thus does not qualify as a predicate offense under the enumerated clause of the ACCA.

The finding that a conviction under Kentucky's second-degree burglary statute does not categorically qualify as a violent felony does not end the inquiry. Even if a state burglary statute criminalizes more conduct than generic burglary, it may do so by listing multiple elements in the alternative, thus setting forth different crimes, and one or more of those crimes might match the definition of generic burglary. *Stitt*, 860 F.3d at 861–62 (*citing Mathis*, 136 S.Ct. at 2248–49; *Shepard*, 544 U.S. at 26). That is not the case here. The plain language of the Kentucky statute is not divisible. In other words, in order to convict a defendant under the statute, the jury may convict if the locus of the burglary was a dwelling, including a vehicle, watercraft or aircraft. The Kentucky second-degree burglary statute doesn't set out separate elements, instead it lays out alternative means of satisfying the locational element of the statute. Under these circumstances, the statute is overbroad and indivisible.

In conclusion, Jahns's second-degree burglary convictions do not count as predicate offenses under the ACCA.

*Ohio Fourth Degree Burglary*

Mr. Jahns argues that the Ohio trespass of a habitation conviction does not qualify as a predicate conviction under the ACCA because it is overbroad. As explained in above, generic burglary is the "unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Taylor*, 495 U.S. at 592-93.

Ohio's burglary statute is found at Oho Rev Code Ann. § 2911.12 and reads as follows:

A) No person, by force, stealth, or deception, shall do any of the following:

> 1) Trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, when another person other than an accomplice of the offender is present, with purpose to commit in the structure or in the separately secured or separately occupied portion of the structure any criminal offense;
>
> 2) Trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure that is a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present, with purpose to commit in the habitation any criminal offense;
>
> 3) Trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, with purpose to commit in the structure or separately secured or separately occupied portion of the structure any criminal offense;
>
> 4) Trespass in a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present.

B) As used in this section, "occupied structure" has the same meaning as in section 2909.01 of the Revised Code.

C) Whoever violates this section is guilty of burglary. A violation of division (A)(1) or (2) of this section is a felony of the second degree. A violation of division (A)(3) of this section is a felony of the third degree. A violation of division (A)(4) of this section is a felony of the fourth degree.

The parties agree that this statute is divisible, and the Court does too. In this case, the Court may look at certain documents to determine under which section of the statute Mr. Jahns was convicted, and the parties agree he was convicted under the fourth degree trespass in habitation section, §(A)(4). This section of the statute defines a crime more broadly than generic burglary because it allows conviction without proof that the unlawful entry was with intent to commit a crime. *State v. Woods*, 2014 Ohio 3960, (6th District Ohio Court of Appeals).

The respondent argues that Jahns's Pre Sentence Report should be considered to determine whether his conduct meets the generic definition of burglary as defined in *Taylor*—"an unlawful or unprivileged entry into ... a building or other structure, with intent to commit a crime." *Taylor* 495 U.S. at 598. But such consideration has been prohibited by the Supreme Court, "[I]f the statute sweeps more broadly than the generic crime, a conviction under that law cannot count as an ACCA predicate, even if the defendant actually committed the offense in its generic form." *Descamps*, 133 S.Ct. at 2283. In other words, this Court's review is limited to whether a fourth degree burglary conviction for "[t]respass in a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present" meets the generic definition of burglary. It does not. Accordingly, this conviction does not does not qualify as a predicate offense under the ACCA.

For the reasons explained above, Jahns did not have three prior convictions for a violent felony under the ACCA. Without the necessary three predicate offenses, Jahns never should have been classified as an armed career criminal and never should have been subjected to the enhanced punishment reserved for such repetitive and violent offenders. *See Narvaez v. United States*, 674 F.3d 621, 627 (7th Cir. 2011) (finding misapplication of ACCA enhancement is a miscarriage of justice). Instead of being subjected to a 15–year mandatory minimum sentence enhancement,

§ 924(e)(1), Jahns should have faced only the felon-in-possession statute's 10–year maximum penalty. *Mathis*, 136 S. Ct. at 2248; § 924(a)(2). *See also Welch*, 604 F.3d at 412–13 (recognizing that a sentencing error is cognizable on collateral review "where a change in law reduces the defendant's statutory maximum sentence below the imposed sentence"). Erroneously classifying Jahns as a career offender and wrongly enhancing his sentence "... clearly constitutes a miscarriage of justice." *Narvaez*, 674 F.3d at 629.

### C. Conclusion

This Court finds that a remedy under 28 U.S.C. § 2255 is "inadequate or ineffective to test the legality" of Jahns's continued detention as that term is used in 28 U.S.C. § 2255(e), and that Jahns is serving an illegally enhanced sentence under the ACCA imposed by the United States District Court for the Northern District of Ohio (Western Division) in No. 3:10-cr-00435-DAK. The ACCA enhanced sentence is illegal because the sentence exceeds the otherwise-applicable statutory maximum for his crime because he is ineligible (and does not qualify) for sentencing as an Armed Career Criminal under 18 U.S.C. § 924(e). Jahns is therefore entitled to the relief he seeks in this action pursuant to 28 U.S.C. § 2241(c)(3). He is entitled to be resentenced by the court of conviction without the ACCA enhancement.

The petition for a writ of habeas corpus is granted. Final judgment will now issue. The final judgment will do two things. First, it will vacate the petitioner's ACCA enhanced sentence in No. 3:10-cr-00435-DAK. Second, it will direct that a copy of the Order and Judgment in this case be forwarded to the Clerk of the United States District Court for the Northern District of Ohio (Western Division) for filing in No. 3:10-cr-00435-DAK.

**IT IS SO ORDERED.**

Date: 3/30/2018

*[signature]*

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE
breitz@usa.doj.gov

Sara J. Varner
INDIANA FEDERAL COMMUNITY DEFENDERS
sara.varner@fd.org